UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| SYBIL ELAINE BAKER, ) | Case Number 20-61290 |
| ) | |
| Debtor. ) | |
| ) | |
| JOHN P. FITZGERALD, III, ) | |
| Acting United States Trustee For Region Four, ) | |
| ) | |
| Movant, ) | AP Number _____ |
| ) | |
| *v.* ) | |
| ) | |
| ) | |
| SYBIL ELAINE BAKER, ) | |
| ) | |
| Respondent. ) | |

**COMPLAINT TO DENY DISCHARGE**

John P. Fitzgerald, III, Acting United States Trustee for Region Four, by counsel, objects to the granting of a discharge to Sybil Elaine Baker (the "Defendant") and in support thereof states as follows:

*Jurisdiction And Venue*

1. The Defendant commenced this case on September 22, 2020, by filing a petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division. The filing of the petition commenced case number 20-61290. The petition, schedules, statements, and any amendments thereto are incorporated by reference.

1

2. The Defendant signed the declarations under penalty of perjury regarding the petition, schedules, statements and related documents filed on September 22, 2020. As provided in 28 U.S.C. § 1746, the declarations signed by the Defendant had like force and effect of oaths.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. The statutory predicates for this complaint are 11 U.S.C. §§ 105 and 727.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

*The Parties And General Background Leading Up To The Petition Date*

7. Plaintiff is the United States Trustee for Region Four.[1]

8. The Defendant is the Debtor in this case. As of the date of the filing of the petition the Defendant was employed in sales for a car dealership in Warrenton, Virginia.

9. The Defendant lives in Culpeper County, Virginia in the Western District of Virginia.

10. The Defendant moved to this district in December of 2019. Prior to that the Defendant lived in Alexandria, Virginia.

11. The Defendant was employed in Northern Virginia by one or more companies owned or controlled by her father from some time in 2011 through the fall of 2019.

---

[1] The United States Trustee is a Department of Justice official charged with, among other things, supervising bankruptcy case administration. 28 U.S.C. § 586(a)(3). United States Trustees "serve as bankruptcy watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena." H.R. Rep. No. 95-595, at 88 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6049; *In re A-1 Trash Pickup, Inc.*, 802 F.2d 774, 775 (4th Cir. 1986). The United States Trustee is authorized to file a complaint objecting to the Defendant's discharge. 11 U.S.C. § 727(c)(1).

12. Prior to the commencement of this case, the Defendant owed and lived in a piece of real property with a street address on Monticello Boulevard (the "Monticello Boulevard Property") in Alexandria, Virginia.

13. The Defendant owned the Monticello Boulevard Property in her own name and not jointly with her spouse or any other person.

14. The Defendant sold the Monticello Boulevard Property in December of 2019. Based on documents in the possession of the United States Trustee, the closing date of that sale was December 18, 2019.

15. According to the closing statement from the sale of the Monticello Boulevard Property the Defendant received proceeds of $125,156.86.

16. $94,800.00 of the proceeds from the sale of the Monticello Boulevard Property were used to purchase the Defendant's current home – real property located on Waterloo Road in Culpeper County, Virginia (the "Waterloo Road Property").

17. The Waterloo Road Property is owned by the Defendant and her spouse as tenants by the entirety.

18. The Defendant and her spouse purchased the Waterloo Road Property on January 9, 2020.

19. The Defendant answered Question 13 of her Statement of Financial Affairs as follows:

13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?
☒ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

20. The Defendant answered Question 18 of her Statement of Financial Affairs as follows:

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.
☐ No
■ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| Third Party for Value<br><br>None | 505 Monticello Blvd.<br>Alexandria, VA | $125,000.00 used to purchase new house in January | 12/2019 |

21. The chapter 7 meeting of creditors in the underlying Bankruptcy Case, Case Number 20-61290, was held on October 15, 2020.

22. At the meeting of creditors, the Defendant testified under penalty of perjury that, among other things:

    A. That she carefully read and reviewed the petition, schedules, statements and other bankruptcy documents with her lawyer before signing them;

    B. That she did sign the petition, schedules, statements and other documents that were filed with the Court;

    C. That she was personally familiar with the information contained in those documents;

    D. That the information she listed in her petition, schedules, statements and other documents was true and complete to the best of her knowledge and belief;

    E. That she used a portion of the proceeds of the sale of the Monticello Boulevard Property to pay school tuition for her son;

  F. That she thought that the tuition payment for her son was made in December of 2019 but she would have to look that up;

  G. That all the answers she gave at the Section 341 meeting were true, complete and accurate to the best of her knowledge and belief;

  H. That there were no answers she would like to change before the conclusion of the Section 341 meeting.

23. Just prior to the conclusion of the Section 341 meeting, the Chapter 7 Trustee requested that the Defendant provide her with an accounting as to the use of funds that the Defendant received from the sale of the Monticello Boulevard Property.

24. After the Section 341 meeting, in response to the request from the Chapter 7 Trustee, the Defendant provided the Chapter 7 Trustee the document attached as **Exhibit A**.

25. Counsel for the United States Trustee received Court approval for and conducted a Bankruptcy Rule 2004 examination of the Defendant on December 22, 2020.

26. The Defendant was under oath during the Bankruptcy Rule 2004 examination.

27. At the Bankruptcy Rule 2004 Examination, the Defendant testified, in part, as follows:

  A. That she used the proceeds of the sale of the Monticello Boulevard Property to purchase the Waterloo Road Property, pay tuition for her son and pay for moving expenses;

  B. That she received the proceeds of the sale of the Monticello Boulevard Property in the middle of December of 2019;

  C. That she prepared and signed the document attached as **Exhibit A**;

      D.    That the tuition payment for her son was made to Stony Brook University and was in the approximate amount of $25,000 and was made in one payment;

      E.    That she paid the tuition payment to Stony Brook University shortly after she received the proceeds of the sale of the Monticello Boulevard Property.

28.    On January 5, 2021, counsel for the United States Trustee requested (through counsel for the Defendant) that the Defendant provide two categories of documents: 1) documents related to the purchase of the Defendant's current home (the Waterloo Road Property), and; 2) documents evidencing the payment of the tuition to Stony Brook University for the Defendant's son shortly after the sale of the Monticello Boulevard Property such as a check, credit card bill, receipt or the like.

29.    The Defendant, through counsel, provided counsel for the United States Trustee the requested information regarding the purchase of the Waterloo Road Property.

30.    On or about February 4, 2021, the Defendant, through counsel, provided counsel for the United States Trustee the letter regarding payment to Stony Brook University for her son attached as **Exhibit B**.

31.    Counsel for the United States Trustee continued to request a bank statement, cancelled check or the like to confirm payment of the $25,000 by the Defendant to Stony Brook University.

32.    The Defendant failed to provide that information.

33.    On March 24, 2021, counsel for the United States Trustee issued a subpoena to Stony Brook University seeking records of payment by or on behalf of the Defendant or her son.

A copy of the Notice of Subpoena filed with the Court, including the subpoena itself, is attached as **Exhibit C**.

34. Stony Brook University responded to the subpoena. Based on the information received from Stony Brook University in response to the subpoena, the last payment made by the Defendant or one else on behalf of her son in any amount was made in December of 2018. Nothing in the information provided by Stony Brook University reflects a payment of approximately $25,000 at any time or a payment of any other amount in December of 2019 or thereafter.[2]

35. The United States Trustee asserts that after an opportunity for discovery the evidence will likely show that the letter from Stony Brook University attached as **Exhibit B** was not created or sent by Stony Brook University, is false and was created by the Defendant or someone acting on her behalf.

36. The Defendant filed an amendment to the Creditor Matrix but has not filed any amended Schedules or an amended Statement of Financial Affairs.

**First Cause Of Action – 11 U.S.C. § 727(a)(2)**

37. The allegations set forth above are incorporated herein as if repeated in their entirety, particularly paragraphs 14, 15, 19, 20, 22-24, 26, 27, 28, 30-35.

38. Section 727(a) of the Bankruptcy Code states that the court shall grant the debtor a discharge unless:

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred,

---

[2] The records provided by Stony Brook University indicate there was an attempted payment of approximately $3,200 on February 7, 2019. That apparently was a credit card charge that was declined. The records from Stony Brook University reflect no other transactions in calendar year 2019, 2020 or 2021 (through the date of the subpoena).

> removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
> (A) property of the debtor, within one year before the date of the filing of the petition; or
> (B) property of the estate, after the date of the filing of the petition;

39. Courts have recognized that intent to defraud may be shown through circumstantial evidence, and the commonly cited badges of fraud are:

> (1) the lack or inadequacy of consideration;
> (2) the family, friendship or close associate relationship between the parties;
> (3) the retention of possession, benefit or use of the property in question;
> (4) the financial condition of the party sought to be charged both before and after the transaction in question;
> (5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and
> (6) the general chronology of the events and transactions under inquiry.

Salomon v. Kaiser (In re Kaiser), 722 F.2d 1574, 1582-83 (2d Cir. 1983).

40. "[A] careful reading indicates that intent to hinder or delay, even if not fraudulent, may be sufficient for a denial of discharge." Cullinan Assocs., Inc. v. Clements, 205 B.R. 377, 381 (W.D. Va. 1995) (citing 4 Collier on Bankruptcy P 727.02[3] at 727-14).

41. The Plaintiff objects to the discharge of Defendant pursuant to 11 U.S.C. § 727(a)(2)(A) on the grounds that she concealed property, particularly at least $25,000 of the proceeds of the sale of the Monticello Boulevard Property, prior to the petition date with the intent to hinder, delay or defraud her creditors and the Chapter 7 Trustee.

42. In the alternative, the Plaintiff objects to the discharge of Defendant pursuant to 11 U.S.C. § 727(a)(2)(A) on the grounds that she concealed property, particularly at least $25,000 of the proceeds of the sale of the Monticello Boulevard Property, after the petition date with the intent to hinder, delay or defraud her creditors and the Chapter 7 Trustee.

43. The Defendant has violated § 727(a)(2)(A) by actions, including, but not limited to:

    A. Providing inaccurate answers to Questions 13 and 18 on her Statement of Financial Affairs;

    B. Testifying falsely regarding the use and disposition of the proceeds of the sale of the Monticello Boulevard Property at her Section 341 meeting of creditors on October 15, 2020;

    C. Providing inaccurate information on **Exhibit A** to the Chapter 7 Trustee regarding the use and disposition of the proceeds of the sale of the Monticello Boulevard Property;

    D. Testifying falsely regarding the use and disposition of the proceeds of the sale of the Monticello Boulevard Property at the Bankruptcy Rule 2004 Examination held on December 22, 2020;

    E. Failing and/or refusing to provide a bank statement, credit card statement, receipt or the like showing the alleged $25,000.00 payment to Stony Brook University upon request from the United States Trustee;

    F. Providing a false document purporting to be from Stony Brook University (**Exhibit B**) regarding the alleged $25,000.00 payment.

44. The discharge of Defendant should be denied under 11 U.S.C. § 727(a)(2).

**Second Cause Of Action – 11 U.S.C. § 727(a)(3)**

45. The allegations set forth above are incorporated herein as if repeated in their entirety, particularly paragraphs 15, 19, 20, 22-24, 26-28, 30-35.

46. A discharge may be denied to a debtor when, "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;". 11 U.S.C. § 727(a)(3).

47. The Defendant has violated § 727(a)(3) by concealing, destroying, falsifying or failing to keep or preserve books, documents, records, and papers, from which her financial condition or business transactions might be ascertained, including, but not limited to:

   A. Concealing, destroying, falsifying or failing to keep or preserve bank or other financial records evidencing payment of the approximately $25,000 to Stony Brook University;

   B. Concealing, destroying, falsifying or failing to keep or preserve records sufficient to show the use of all of the funds received from the sale of the Monticello Boulevard Property;

   C. Falsifying the document attached as **Exhibit A**, provided to the Chapter 7 Trustee;

   D. Falsifying the document attached as **Exhibit B**, provided to counsel for the United States Trustee.

48. The concealment, destruction, mutilation, falsification, or failure to keep or preserve any recorded information, from which the Defendant's financial condition or business transactions might be ascertained is not justified under all the circumstances of this case.

49. The Defendant's discharge should be denied under 11 U.S.C. § 727(a)(3).

**Third Cause of Action -- 11 U.S.C. § 727(a)(4)(A)**

50.     The allegations set forth above are incorporated herein as if repeated in their entirety, particularly paragraphs 15, 19, 20, 22, 16-28, 30-36.

51.     "A false oath is 'material,' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." In re Chalik, 748 F.2d 616, 618 (11th Cir. 1984).

52.     Plaintiff objects to the discharge of the Defendant pursuant to 11 U.S.C. § 727(a)(4)(A) on the grounds that the Defendant knowingly and fraudulently made false oaths in and in connection with this case.

53.     Under penalty of perjury, Defendant certified multiple times that the statements and schedules filed herein were true and correct when in truth and fact, as the Defendant well knew, the statements and schedules failed to accurately information about her financial affairs, businesses, creditors, and property, including but not limited to: The response to Question 18 of the Statement of Financial Affairs.

54.     At her meeting of creditors on October 15, 2020, Defendant gave material testimony under oath that she knew was false, including, but not limited to:

        A.     That the information she listed in her petition, schedules, statements and other documents was true and complete to the best of her knowledge and belief;

        B.     That she used a portion of the proceeds of the sale of the Monticello Boulevard Property to pay school tuition for her son;

11

   C. That she thought that the tuition payment for her son was made in December of 2019 but she would have to look that up;

   D. That all the answers she gave at the Section 341 meeting were true, complete and accurate to the best of her knowledge and belief;

55. At the Bankruptcy Rule 2004 Examination on December 22, 2020, the Defendant gave material testimony under oath that she knew was false, including, but not limited to:

   A. That she used the proceeds of the sale of the Monticello Boulevard Property pay tuition for her son;

   B. That the tuition payment for her son was made to Stony Brook University and was in the approximate amount of $25,000;

   C. That she paid the tuition payment to Stony Brook University shortly after she received the proceeds of the sale of the Monticello Boulevard Property.

56. The Defendant's discharge should be denied under 11 U.S.C. § 727(a)(4)(A).

57. The United States Trustee reserves the right to alter, amend, or supplement this complaint as more information becomes available.

WHEREFORE, Plaintiff prays that the discharge of the Defendant from her debts be denied and that Plaintiff be granted such other and further relief as is just.

Dated: April 29, 2021        JOHN P. FITZGERALD, III

                  Acting United States
                  Trustee for Region Four
                   /s/ B. Webb King
                  Trial Attorney for the United States Trustee.

B. Webb King (VSB #47044)
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
Telephone: (540) 857-2838
Webb.King@usdoj.gov